UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. 3:12-cr-239 |
| v. | ) | |
| | ) | **ORDER** |
| KUROSH MEHR (9) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant's Motion for Acquittal and for a New Trial (Doc. No. 732). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

On July 26, 2012, Defendant was charged along with sixteen co-conspirators in a seventy-five page Bill of Indictment (Doc. No. 3). Defendant was charged in three counts, namely Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d) (Count One), mortgage fraud conspiracy in violation of 18 U.S.C. § 1344 (Count Three), and money laundering conspiracy in violation of 18 U.S.C. § 1956(h) (Count Five). The Grand Jury returned a Superseding Indictment on April 18, 2013 (Doc. No. 158) again charging Defendant in these three counts.

Defendant's trial commenced on September 29, 2014 and lasted for three days. The Government called thirteen witnesses and introduced dozens of exhibits. Defendant moved for acquittal at the close of the Government's evidence, which motion was denied. Defendant chose to take the stand and testify in his defense. The jury remained out for approximately three hours before returning a verdict of guilty on all three counts.

## II. DISCUSSION

### A. Motion for Acquittal

When considering a motion under Federal Rule of Criminal Procedure 29(c), courts in the Fourth Circuit look to "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996).

The Fourth Circuit has noted that "[a] defendant challenging the sufficiency of the evidence bears 'a heavy burden.'" *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995)). The Government is entitled to the benefits of all reasonable inferences that can be drawn from the facts proven. *See United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Ultimately, the jury's verdict must stand if "any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993).

Defendant argues for acquittal on the basis that the Government produced insufficient evidence to demonstrate his culpability in the charged offenses. Among his chief contentions are: (1) the evidence introduced against him was circumstantial; (2) there was no evidence that he "invested" in the alleged Enterprise; and (3) there was no evidence that he personally committed a violation of the RICO statute. (*See* Doc. No. 732 at 2-5). In response, the Government correctly points out that the Fourth Circuit "has long recognized that the jury may infer knowledge and

intent from circumstantial evidence in conspiracy cases." *United States v. Garnes*, 2014 WL 5315366, at *1 (4th Cir. 2014) (citing *United States v. Tucker*, 576 F.3d 236, 238 (4th Cir. 2004)). In fact, "[a] conspiracy may be proven entirely upon circumstantial evidence." *United States v. Felton*, 545 F. App'x 208, 210 (4th Cir. 2013); *see also United States v. Williams*, 569 F. App'x 169, 172-73 (4th Cir. 2014) ("Proof of a conspiracy may of course be by circumstantial evidence; it need not and normally will not be by direct evidence." (quoting *United States v. Mabry*, 953 F.2d 127, 130 (4th Cir. 1991)). Defendant's additional arguments that he did not "invest" in the Enterprise and did not himself commit a violation of the RICO statute are inapposite because Defendant was charged with *conspiracy* to violate the RICO statute. The charged offenses did not require demonstration that Defendant personally violated the RICO statute, or that he "invested" in the Enterprise. The Government was only required to prove the elements of the charged offenses beyond a reasonable doubt, an objective to which it devoted hours of testimony from over a dozen witnesses and numerous exhibits at trial.

  This Court presided over Defendant's trial and observed the abundant evidence presented by the Government. That evidence demonstrated, in painstaking detail, the nature of the alleged conspiracy, as well as Defendant's involvement in it. The evidence addressed the elements of each of the charged offenses, and was more than sufficient to demonstrate that Defendant conspired to violate the RICO statute, to commit mortgage fraud, and to commit money laundering. The Court instructed the jury on the difference between direct and circumstantial evidence, and on the elements of the charged offenses, and the jury returned a verdict of guilty. The Court is fully satisfied that the evidence presented by the Government was such that a reasonable finder of fact could accept it as adequate and sufficient to support a conclusion of the Defendant's guilt beyond a reasonable doubt. For these reasons, and for the additional reasons

stated in the Government's brief (Doc. No. 744), the Court finds that the jury's decision was supported by substantial evidence, and Defendant's motion for acquittal is **DENIED**.

### B. Motion for New Trial

A Court may grant a new trial on motion of the defendant "if the interest of justice so requires." FED. R. CRIM. P. 33(a). The Fourth Circuit has held that "a trial court 'should exercise its discretion to award a new trial sparingly' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *See United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006) (quoting *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003)).

Defendant asserts that he is entitled to a new trial for several different reasons, among them: (1) two of the Government's witnesses were "admitted forgers and lairs"; (2) the Government presented evidence of multiple fraudulent purchases without evidence that Mr. Mehr knew about these purchases; (3) the Government used inflammatory terms such as "kickback," and incorrectly referred to some acts as "unlawful" and "illegal" which were not unlawful or illegal; (4) the verdict form omitted places for the jury to indicate that it unanimously agreed as to what the object of the conspiracy was and as to the predicate acts found; and (5) the Court denied Defendant's request for a "good faith" instruction. (*See* Doc. No. 732 at 5-6).

As an initial matter, the Court notes that many of these bases were not objected to at trial; thus they are subject to plain error review. *See* FED. R. CRIM. P. 30(d), 51(b), 52(b). "Under plain error review, [the defendant] must show that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Basham*, 561 F.3d 302, 329 (4th Cir. 2009). The Fourth Circuit added: "Even if [the defendant] makes this

showing, we notice the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotations omitted).

The first issue raised by Defendant is not grounds for a new trial because the presentation of testimony from people who have committed fraud is an expected feature of a prosecution for conspiracy and fraud. Many of the Government's witnesses in this case are co-conspirators who have pled guilty to the charges in the Indictment, and their testimony is crucial to establishing the culpability of other co-conspirators. Likewise, the second issue relating to the presentation of multiple fraudulent transactions is not grounds for a new trial because this was a prosecution for involvement in a racketeering conspiracy, which involved numerous fraudulent transactions. Moreover, the evidence showed that Defendant not only knew about many of these transactions, but was also involved in them. Moreover, Defendant did not object to this evidence and must show that admitting it was plain error. He fails to make such a showing.

Defendant's third issue fails as well. The Government introduced evidence to show that Defendant lied on loan applications and HUD-1 statements in order to fraudulently obtain loans. Characterizing these acts as "unlawful" or "illegal," whether in argument or via the testimony of co-conspirators, is neither inaccurate nor inappropriate, and is not a basis for a new trial. Again, Defendant did not object at the time these statements were made; thus he must show clear error. Again, he fails to make such a showing.

Defendant also argues, for the first time, that there should have been a special verdict form so that the jury could indicate its unanimous agreement on the object of the conspiracy and the predicate acts of the offense. The jury was instructed that they must be unanimous as to the object of the conspiracy and the predicate acts, and it is presumed that juries follow the instructions given to them. *See Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985). Moreover,

5

Defendant did not request a special verdict form before the case went to the jury, so this, too, is reviewed for plain error. Defendant fails to make such a showing.

Finally, Defendant argues for a new trial because the Court did not give a "good faith" instruction to the jury. The Fourth Circuit has held that "[i]f the district court gives adequate instruction on specific intent, a separate instruction on good faith is not necessary." *United States v. Jaensch*, 552 F. App'x 206, 211 (4th Cir. 2013) (quoting *United States v. Mancuso*, 42 F.3d 836, 847 (4th Cir. 1994)). The Court gave thorough instructions on specific intent and the knowledge elements of the charges, and an additional good faith instruction was not necessary.

For these reasons, and for the additional reasons stated in the Government's brief (Doc. No. 744), Defendant's motion for new trial is **DENIED**.

### III. ORDER

For the foregoing reasons, Defendant's Motion for Acquittal and for New Trial (Doc. No. 732) is **DENIED**.

**SO ORDERED.**

Signed: February 5, 2015

Graham C. Mullen
United States District Judge